UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY HARRIS,

                    Plaintiff,

          -against-

NEW YORK POST; TOMAS E. GASTON;
KEVIN C. DOWNS,

                    Defendants.

25-CV-6682 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

          Plaintiff, proceeding *pro* se, is currently held in the Eric M. Taylor Center on Rikers

Island.  Plaintiff brings this action under 42 U.S.C. § 1983, against the New York Post ("NYP")

and individuals allegedly employed there, alleging that Defendants violated his constitutional

rights.  By Order dated September 15, 2025, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  (ECF No. 6).  For the reasons set

forth below, the Court dismisses the complaint, but grants Plaintiff 60 days' leave to replead.

**STANDARD OF REVIEW**

          The Prison Litigation Reform Act requires federal courts to screen complaints brought by

prisoners who seek relief against a governmental entity, or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[2]  (ECF No. 1.)  Plaintiff names the New York Post ("NYP") and NYP reporters Tomas E. Gaston and Kevin C. Downs as defendants.  (*Id.* at 3.)  "On or around" February 17, 2025, the NYP published an article, written by Gaston and Downs, discussing Plaintiff's "arrest record (Rap Sheet)."  (*Id.* at 4.)  Plaintiff alleges that his arrest record is "closed for public view via Certificate of Relief of Disability (Clemency)," and that the NYP "expos[ed] confidential information not for public Record," and portrayed him as "a Career Criminal publicly when in fact it [had] been three decades since" his "last arrest of Conviction."  (*Id.*)  According to Plaintiff, Defendants "publicly demoniz[ed] [and] criminaliz[ed]" him "in public media."  (*Id.*)

---

[2] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

Plaintiff, who claims that he "will be unable to become gainfully employed because of this ass[ass]ination and Defamation of Character," asserts claims of defamation, libel, slander, and "emotional distress," and seeks $20 million in damages.  (*Id.* at 4-5.)

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Because Plaintiff asserts that Defendants violated his federal constitutional rights, the Court construes the complaint as bringing claims under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim for relief under Section 1983, a plaintiff must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties[.]").

Plaintiff does not allege that Defendants are state actors or that their conduct can be attributed to the state. Because the NYP and its two reporters are private parties who are not alleged to work for any state or other government body, Plaintiff fails to state a claim against them under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Diversity Jurisdiction

A federal court may adjudicate state law claims pursuant to its diversity of citizenship jurisdiction. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Id.* For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his

4

true fixed home . . . and to which, whenever he is absent, he has the intention of returning.

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

When a plaintiff is incarcerated, there is a rebuttable presumption that he retains his pre-incarceration domicile, rather than establishing a new domicile based on the location of his current incarceration.  *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (Rakoff, J.) (citing *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y. 2003) (Mukasey, J.) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile.  Instead, the prisoner retains his pre[-]incarceration domicile [for diversity purposes].")).  The relevant inquiry here is what a plaintiff's domicile was at the time of filing.  *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) ("[D]iversity of citizenship is assessed at the time the action is filed.").

Second, a plaintiff must allege  a "reasonable probability" that the claim exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff does not identify the state of his pre-incarceration domicile, and he provides no facts about the citizenship of any of the named Defendants.  The Court is therefore unable to determine that Plaintiff and Defendants are citizens of different states

The Complaint thus lacks the allegations required to invoke diversity jurisdiction under 28U.S.C. § 1332.

### 3.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## B.    Leave to Amend Is Granted

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*,

222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Accordingly, the Court grants Plaintiff 60 days' leave to amend his complaint, should he wish to do so, to allege facts showing that the Court has jurisdiction over his state law claims. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 60 days' leave to replead his claims.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    September 22, 2025
          New York, New York

                                    /s/ Kimba M. Wood
                                    KIMBA M. WOOD
                                    United States District Judge